IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**PATRICIA SANTORO,** :

    **Plaintiff,** :

vs. : CIVIL ACTION NO. 18-00387-CG-B

**ROBERT A. AGERTON,** *et al.,* :

    **Defendants.** :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, and in forma pauperis, filed an amended complaint at the Court's direction. (Docs. 7, 12). Plaintiff's amended complaint was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). Because Plaintiff is proceeding *in forma pauperis*, the undersigned is required to screen her amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[1] After carefully screening Plaintiff's amended

---

[1] Section 1915(e)(2)(B) provides:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or

complaint (Doc. 12), it is recommended that Plaintiff's claims against Defendant Robert A. Agerton be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), and that Plaintiff's amended complaint be served on the remaining Defendants.

**I. Nature of Proceedings.**

In her amended complaint, Plaintiff alleges that Defendants Robert A. Agerton, the probate judge of Escambia County, Alabama, Margaret Wilson, a case worker with the Alabama Department of Human Resources, Stephanie Brown, an employee with Southwest Alabama Mental Health Center, and Joe Whitt, an attorney, all deprived her of her liberty, and conspired to violate her due process rights and equal protection rights under the U.S. Constitution. (Doc. 12). According to Plaintiff, on August 28, 2017, her estranged sister, Nicole Santoro, filed a petition asserting that Plaintiff was abusing and stealing from their elderly mother, that Plaintiff was seriously mentally ill, and that Plaintiff needed to be involuntarily committed.[2] (Id. at 2).

---

(iii) seeks monetary relief against
a defendant who is immune from such
relief.

[2] Plaintiff contends that her sister was jealous because their mother had selected Plaintiff, rather than her sister, Nicole, to care for her. (Doc. 12 at 2).

2

According to Plaintiff, Judge Agerton signed an order on August 29, 2017, requiring that Plaintiff be transported to Southwest Alabama Mental Health Center for evaluation. (Id. at 2). Plaintiff alleges that she was placed in three point shackles by local law enforcement and transported to Southwest Alabama Mental Health Center where she was seen by Defendant Stephanie Brown. Brown evaluated her for ten minutes, diagnosed her with bi-polar disorder, and told her that she would be involuntarily committed. (Id.). This resulted in Plaintiff being confined to the psychiatric unit at Crenshaw Hospital. (Id. at 2-3).

Plaintiff contends that she was scheduled to be taken to Court on September 5, 2017, for a preliminary hearing and that a hospital official completed a discharge form indicating that Plaintiff had reached maximum improvement. (Id. at 5-6). However, Plaintiff was later informed that the hearing had been rescheduled for the next day. Plaintiff contends that she subsequently learned that, on September 5, 2017, Joe Whitt, who was appointed by the Court to serve as her guardian ad litem, had informed the Court that Plaintiff needed to be involuntarily committed for not more than 150 days despite the fact that he had not spoken with Plaintiff. Plaintiff contends that Judge Agerton decided that it was in Plaintiff's best interest to forgo a preliminary hearing and to commit Plaintiff for no more than 150 days. (Id. at 9).

Plaintiff asserts that, at the preliminary hearing held the next day on September 6, 2017, her sister and Plaintiff's estranged daughter both provided false testimony and that Joe Whitt failed to extensively cross examine them.[3] (Id. at 8-9). Additionally, Plaintiff alleges that Judge Agerton interrupted her while she was trying to testify, and he refused to allow her mother to speak. (Id. at 9). According to Plaintiff, Judge Agerton went back to chambers for a long time, and when he came out, he announced the same decision that had been reached in her absence the day before, namely that she would to be involuntarily committed for not more than 150 days. (Id.). Plaintiff asserts that, subsequent thereto, she retained counsel and was released a week later, on September 13, 2017. (Id. at 10). Plaintiff seeks both compensatory and punitive damages for the sixteen (16) days that she was committed, and she requests a trial by jury.

**II. Analysis.**

    **A. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing her amended complaint (Doc. 12) under 28 U.S.C. § 1915(e)(2)(B). Pursuant to § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in

---

[3] Plaintiff contends that Defendant Wilson had spoken with Plaintiff's mother and knew that her mother had denied the allegations of abuse being made by Plaintiff's estranged sister and Plaintiff's daughter. (Id. at 12).

4

law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327 or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original).

When considering a pro se litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). A court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia,

5

Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds*, Randall v. Scott, 610 F.3d 707, 709 (11th Cir. 2010). Furthermore, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**B. Discussion.**

Defendant Agerton is the probate court judge who presided over Plaintiff's civil commitment proceedings. (Doc. 12). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citation omitted). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." Allen v. Florida, 458 Fed. Appx. 841, 843 (11th Cir. 2012) (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotation marks and citation omitted); Mireles, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice"); Allen, 458 Fed. Appx. at 843 (same). "[T]he relevant inquiry is the nature and

6

function of the act, not the act itself." Mireles, 502 U.S. at 13 (internal quotation marks and citation omitted). "This immunity applies to proceedings [brought] under 42 U.S.C. § 1983." Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985).

Plaintiff's allegations against Judge Agerton arise from actions taken in his judicial capacity during Plaintiff's civil commitment court proceedings over which Judge Agerton had jurisdiction. See Code of Ala., § 22-52-1.2 (petition for involuntary commitment must be filed in probate court). While Plaintiff takes issue with the manner in which Judge Agerton handled her commitment proceedings, there is no question that, as probate judge, Judge Agerton had jurisdiction over the proceedings. Thus, he is absolutely immune from civil liability for acts taken pursuant to his judicial authority. Hyland v. Kolhage, 267 Fed. Appx. 836, 840-41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of sentencing hearing after completion of such hearing], he was entitled to judicial immunity"); Stump, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction," he was entitled to immunity even if Plaintiff alleged that the action taken was erroneous, malicious, or without authority). Consequently, Plaintiff's claims against Judge Agerton

are "based on an indisputably meritless legal theory" and are, therefore, subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). See Neitzke, 490 U.S. 319, 327 (1989).

## III. Conclusion.

Based upon the foregoing reasons, it is recommended that Plaintiff's claims against Judge Agerton be dismissed with prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), because they are frivolous and seek relief against a defendant who is immune, and that Plaintiff's amended complaint be served on the remaining Defendants.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **5th** day of **February, 2019.**

                                                               /s/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**